# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

GRADY RENARD WILLIAMS, JR.,    )
                                        )
        Petitioner,          )
                                          )
v.                                )        CV419-178
                                          )
GREGORY C. DOZIER,          )
                                          )
        Respondent.       )

## REPORT AND RECOMMENDATION

*Pro se* prisoner Grady Williams filed a pleading, captioned "Special Appearance in Support of Petition for Writ of Habeas Corpus," in the United States District Court for the Middle District of Georgia.  Doc. 1.  That document stated only that "Petitioner is an Insolvent Debtor under U.S. Bankruptcy," and that he "entered into an [sic] Private Security Agreement with the Secured Party Creditor as his Trustee/Agent/ Attorney in Fact in order to discharge the debts of the Petitioner by operation of law, in accordance with House Joint Resolution (HJR) 192 (Public Policy 73-10)." *Id.*  He also filed a pleading captioned "Preemptory Mandate," which included substantially more verbiage, but—alas—no more substance.  *See* doc. 4.  The Magistrate Judge in the Middle District directed Williams to refile his pleading on the form provided for petitions

for habeas corpus, pursuant to 28 U.S.C. § 2254. Doc. 6. Williams complied. *See* doc. 8. Based on his petition's disclosure that he was convicted in the Superior Court of Effingham County, Georgia, the Magistrate Judge transferred the action to this court. Doc. 11. Preliminary § 2254 Rule 4 review shows that his motion must be **DISMISSED**.

The Court is all too familiar with Williams and his litany of filings asserting various versions of the same frivolous sovereign-citizen gibberish.[1] *See, e.g., Grady Renard Williams, Jr. v. Nathan Deal*, CV618-090, doc. 5 at 2-3 (S.D. Ga. Oct. 19, 2018), *adopted* doc. 6 (S.D. Ga. Oct. 30, 2018) (imposing conditions on Williams' further civil litigation because of his persistent assertion of "utterly worthless" sovereign citizen claims).

---

[1] Williams filed a strikingly similar document in this Court at approximately the same time he filed this case in the Middle District. *Compare* doc. 1 (filed April 25, 2019), *with Williams v. Dozier*, CV419-072, doc. 1 (S.D. Ga. April 4, 2019). Filing the same pleading, nearly verbatim, in two different courts raises the possibility that Williams is seeking to avoid this Court's filing restrictions fraudulently. Such misconduct may subject even *pro se* parties proceeding *in forma pauperis* to sanctions. *Cf. United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008) (noting "reluctance" to assess sanctions against *pro se* litigants for filing a frivolous appeal, but noting that such sanctions may be imposed where litigants are "put on notice that they may be expected to have sanctions imposed against them if they continue to raise . . . frivolous contentions.'" (quoting *Hyslep v. United States*, 765 F.2d 1083 (11th Cir. 1985)). The filing conditions imposed upon Williams should have put him on notice that these claims were frivolous. To the extent that they did not, he should now be aware that further impositions on the Court's time by assertion of patently meritless claims will not be tolerated.

The legal merit of such claims is not increased by their assertion in the context of an action for habeas corpus.  *See, e.g. Smith-Bey v. Roy*, 2018 WL 3979661 at * 2 (D. Minn. July 16, 2018) (rejecting "sovereign citizen" arguments in the context of § 2254 petition because such theories are "'meritless,' 'absurd,' and 'entirely frivolous.'" (quoting *United States v. Watson*, 1 F.3d 733, 734 (8th Cir. 1993))).

Although Williams' petition suggests that his claim may be untimely or procedurally defaulted, the Court will, in the interests of finality, address the merits of his claims.  His first ground for relief asserts that he "is an [i]nsolvent [d]ebtor under U.S. Bankruptcy."  Doc. 7 at 5.  In support he states only that he "has transferred all of his property to the Secured Party Creditor, Grady-Renard of the Family Williams©, as his Trustee to discharge the debts of the Petitioner pursuant to House Joint Resolution (HJR) 192 public policy 73-10."  *Id.*  Rule 4 of the Rules Governing § 2254 Cases requires, "[i]f it plainly appears from the petition . . .  that the petitioner is not entitled to relief in the district court," this Court must dismiss the petition.  *Id.*  The Eleventh Circuit has made it absolutely clear: "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human

being,' that person is not beyond the jurisdiction of the courts. **These theories should be rejected summarily, however they are presented."** *United States v. Benabe*, 654 F.3d 753, 767 (11th Cir. 2011) (emphasis added).[2]

Accordingly, Grady Renard Williams, Jr.'s § 2254 petition should be **DISMISSED** as frivolous. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at

---

[2] The Court of Appeals' vehement rejection of these arguments is worth quoting in full, given Williams' litigation history:

> Our intention is not to quash the presentation of creative legal arguments or novel legal theories asserted in good faith. But the arguments raised by these defendants were not in good faith. We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk. *See United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting the 'shop worn' argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan*, 939 F.2d 499, 500-01 (7th Cir. 1991); *United States v. Schneider*, 910 F.2d 1596, 1570 (7th Cir. 1990 (describing defendant's proposed 'sovereign citizen' defense as having 'no conceivable validity in American law"); *United States v. Phillips*, 326 F. App'x 400 (7th Cir. 2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law).

*Benabe*, 654 F.3d at 767. Lest Williams think that, perhaps, such claims might find more purchase in state courts, they have not. *See, e.g., Brown v. State*, 816 S.E.2d 111, 113 (Ga. Ct. App. 2018). As indicated above, they have fared no better in § 2254 proceedings. *See, e.g., Rufus v. Warden, Autry State Prison*, 2019 WL 2342447 at * 2 (D.S.C. June 3, 2019) (dismissing § 2254 petition because, "[a]s the Magistrate Judge correctly noted, arguments such as those raised by Petitioner regarding his citizenship status 'have been uniformly rejected as legally frivolous by the courts." (citation omitted)).

* 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545

(11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>24th</u> day of July,

2019.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA